[Cite as *State v. Mason*, 2026-Ohio-2680.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

PHILLIP CHARLES MASON,

    DEFENDANT-APPELLANT.

CASE NO. 14-25-42

OPINION AND
JUDGMENT ENTRY

Appeal from Union County Common Pleas Court
Juvenile Division
Trial Court No. 2024JE019

**Judgment Affirmed**

**Date of Decision: July 13, 2026**

APPEARANCES:

    *Bradley P. Koffel* for Appellant

    *Courtland R. Perry* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Phillip C. Mason ("Mason"), appeals the October 15, 2025 judgment entry of sentence of the Union County Court of Common Pleas, Juvenile Division. Based on the following reasons, we affirm.

{¶2} On November 7, 2024, Mason was charged with two counts of public indecency in violation of R.C. 2907.09(B)(4), (C)(5), first-degree misdemeanors. On November 21, 2024, Mason appeared and pleaded not guilty to the complaint.

{¶3} On January 1, 2025, Mason filed a motion to sever the counts for trial, which the State opposed on January 13, 2025. On April 22, 2025, the trial court denied Mason's motion.

{¶4} On August 18, 2025, the State filed a superseding complaint, consolidating the two charges into a single count of public indecency in violation of R.C. 2907.09(B)(4), (C)(5), a first-degree misdemeanor.

{¶5} On August 19, 2025, Mason pleaded guilty, under a negotiated plea agreement, to the sole count in the superseding complaint. The trial court accepted Mason's guilty plea, found him guilty, and ordered a presentence investigation ("PSI").

{¶6} On October 14, 2025, the trial court sentenced Mason to 180 days in jail, with 90 days suspended conditioned on his compliance with the terms and

conditions of his community control sanctions. Further, the trial court classified Mason as a Tier I sex offender.

{¶7} Mason filed his notice of appeal on October 23, 2025. He raises one assignment of error for our review.

**Assignment of Error**

**The Trial Court Abused Its Discretion When Classifying The Appellant as a Tier I Sex Offender under R.C. 2709.09(D)(1) [sic].**

{¶8} In his sole assignment of error, Mason argues that the trial court abused its discretion by classifying him as a Tier I sex offender under R.C. 2907.09(D)(1).

*Standard of Review*

{¶9} Generally, we review a trial court's misdemeanor sentence for an abuse of discretion. *State v. Gingerich*, 2025-Ohio-4908, ¶ 7 (3d Dist.). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶10} Before imposing a misdemeanor sentence, a trial court must consider the overriding purposes of misdemeanor sentencing—protecting the public and punishing the offender—along with the statutory factors set forth in R.C. 2929.21 and 2929.22. *Gingerich* at ¶ 8. However, a trial court is not required to state its specific reasons for imposing a misdemeanor sentence. *Id.* at ¶ 10. Instead, this court will presume the trial court properly considered the statutory criteria when the

sentence falls within the statutory limits and there is no affirmative showing that the court failed to do so. *Id.*

{¶11} R.C. 2907.09(D) governs when a trial court may—or must—classify a defendant as a Tier I sex offender following a conviction for public indecency under subdivision (B)(4). Relevant to this appeal, R.C. 2907.09(D)(1)(b) explicitly grants the trial court the discretion to impose a Tier I classification if the offender is ten or more years older than the minor and has no prior convictions for public indecency.

{¶12} At sentencing, the trial court explicitly acknowledged that a Tier I sex-offender classification was discretionary in this case. The trial court ultimately imposed the classification after determining that Mason was at least ten years older than the victims and had no prior convictions for public indecency.

{¶13} On appeal, Mason argues that the trial court abused its discretion by classifying him as a Tier I sex offender. Specifically, Mason asserts that the classification is unnecessary to protect the public because his PSI, along with independent evaluations from a forensic psychologist and a professional counselor, concluded that he is at a low or below-average risk of reoffending, with his counselor explicitly advising that registry placement is "contra-indicated." (Appellant's Brief at 10). Furthermore, Mason emphasizes that he has no prior criminal record, accepted responsibility by pleading guilty, demonstrated remorse, and is actively engaged in successful mental health treatment. Finally, Mason

argues that the classification is arbitrary since the trial court fashioned a less restrictive alternative to protect the public, specifically by permitting him to attend his children's events so long as he is supervised by another adult.

{¶14} Based on our review of the record before us, we conclude that the trial court did not act unreasonably, arbitrarily, or unconscionably by exercising its discretion to classify Mason as a Tier I sex offender. Although Mason relies heavily on his "low risk" score in the PSI and the favorable evaluations from mental health professionals to argue the classification was unnecessary, the trial court was not bound by those specific risk assessments. In fact, despite the low quantitative risk score, the adult probation department's PSI writer specifically recommended that the trial court classify Mason as a sex offender.

{¶15} Furthermore, in exercising its discretion under R.C. 2907.09(D) to impose the sex offender classification, the record reflects that the trial court was appropriately guided by the overarching goals of protecting the public and punishing the offender, specifically weighing the severe impact the offense had on the victims. Indeed, during the sentencing hearing, the trial court heard statements from the victims' mothers detailing the psychological trauma that Mason's actions caused the nine-year-old girls, including flashbacks and severe anxiety that necessitated therapeutic and psychiatric intervention.

{¶16} The trial court also had a valid basis to question the sincerity of Mason's remorse. *See State v. McColor*, 2013-Ohio-1279, ¶ 22 (7th Dist.)

("Although the word 'remorse' is not expressly used in R.C. 2929.22, the references in the statute to the offender's 'character and condition,' to the offender's likelihood of committing future crimes, and to the discretion the trial court has to consider 'any other factors that are relevant,' signify that remorse, or the lack of remorse, are legitimate factors to be considered at sentencing"). Although Mason pleaded guilty to the superseding complaint, he subsequently minimized his conduct during his PSI interview, claiming the exposure was merely an "accident" caused by a loose-fitting swimsuit. Because this narrative contradicted the admitted facts of the offense, the PSI writer concluded that Mason's remorse appeared driven more by a fear of consequences than by genuine regret.

{¶17} Finally, we reject Mason's contention that the Tier I sex offender classification was arbitrary because the trial court permitted him to attend his children's events under strict adult supervision. Rather than rendering the classification arbitrary, this narrow exception demonstrates the trial court's exercise of its broad discretion to tailor a sentence to the specific case while still protecting the public. *See, e.g.*, *State v. Briggs*, 2017-Ohio-686, ¶ 24 (12th Dist.) (acknowledging that "trial courts have broad discretion in misdemeanor sentencing to fashion sentences that are appropriate to each case").

{¶18} Consequently, we conclude that the trial court did not abuse its discretion when it classified Mason as a Tier I sex offender.

{¶19} Mason's assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and WALDICK, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

William R. Zimmerman, Judge

John R. Willamowski, Judge

Juergen A. Waldick, Judge

DATED:
/hls